895 F.2d 1421
 14 U.S.P.Q.2d 1255
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FRANKLIN PIERCE LAW CENTER, Appellant,
v.
GEORGETOWN UNIVERSITY, Appellee.
 No. 89-1484.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1990.
Rehearing Denied Feb. 23, 1990.
Suggestion for Rehearing In Banc Declined Mar. 7, 1990.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 This appeal by Franklin Pierce Law Center, a New Hampshire corporation, is from a unanimous decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (board), which sustained an opposition brought by Georgetown University (Georgetown) to Franklin Pierce's proposed registration of the title "The Journal of Law and Technology," the current subtitle of its journal, IDEA. We affirm the board's holding.
 
 OPINION
 
 2
 The board held no secondary meaning was established here. To have held that the descriptive words have a distinctiveness for the applicant's product would have required that there be strong proof of a secondary meaning. The applicant's evidence on this was that the words had been used as a subtitle for IDEA since 1976 and that much money had been spent on the journal since that date. Further, correspondence and invoices used the words sought to be registered and statements from 10 people attest to the fact that they are unaware of other journals using the name "The Journal of Law and Technology." The board could not find that this was sufficient proof of secondary meaning in this case. Its holding was that the words were only descriptive terminology explaining what type of publication IDEA was and that length of use did not prove secondary meaning here. As to expenditures, the proof fell short of showing promotion of the words in the title or that the words have lost their descriptive significance and have acquired any secondary meaning thereby. Evidence of promotional activity was sparse. References by the applicant and others in correspondence were held insufficient to establish secondary meaning for the words in light of their highly descriptive nature. Letters by 10 subscribers solicited by the applicant with an eye toward this proceeding were held not to establish a scientifically accurate survey.